THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HUGH COATES, | § | CV. NO. SA-13-CV-255-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| EC&R DEVELOPMENT, L.L.C., A DELAWARE LIMITED LIABILITY COMPANY; TETRA TECH CONSTRUCTION, INC.; and ANACACHO WIND FARM, LLC, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING TETRA TECH'S MOTON TO EXCLUDE ASSERTIONS OF CRIMINAL CONDUCT

On December 7, 2015, the Court heard oral argument on the Motion to Exclude Assertions of Criminal Conduct (Dkt. # 76) filed by Defendant Tetra Tech Construction, Inc. ("Tetra" or "Defendant"). Michael Choyke, Esq., appeared on behalf of Defendant; Thomas Hall, Esq., appeared on behalf of Plaintiff Hugh Coates ("Coates" or "Plaintiff"). After careful consideration of the memoranda in support of and in opposition to the motion, and in light of the

parties' arguments at the hearing, the Court, for the reasons that follow, **GRANTS** Defendant's Motion to Exclude Assertions of Criminal Conduct.  (Dkt. # 76).

FACTS

Plaintiff is a rancher who has run a cattle operation on the Mitchell Circle Bar Ranch ("Mitchell Ranch" or the "Property") pursuant to a Grazing Lease since 1976.  ("Compl.," Dkt. # 1, ¶¶ 15, 21; "Agreemt.," Dkt. # 1, Ex. A, at 1.)  Plaintiff raises cattle, horses, and other livestock on the Property.  (Compl. ¶¶ 15–16.)  Landowner Tom Mitchell, through his successor in interest Mitchell Ranch, entered into an Option agreement with EC&R Development ("EC&R") on May 1, 2007, granting EC&R and its assigns a Wind Lease to construct, install, operate, and maintain a wind farm on the Mitchell Ranch, the same property leased by Plaintiff.  (Agreemt. at 1–2.)  Plaintiff renewed his Grazing Lease on the Mitchell Ranch on July 26, 2010.  (Compl. ¶ 6.)  On the same day, Plaintiff entered into a Subordination and Non-Disturbance Agreement with Mitchell Ranch and EC&R, subordinating Plaintiff's rights under the Grazing Lease to the rights associated with the Wind Lease, and agreeing not to "disturb or unreasonably interfere with . . . possession, rights, or interests under the Option and the Wind Lease."  (Agreemt. at 2–3.)

According to Plaintiff, Mitchell's agreement with EC&R permitted EC&R, by and through its subsidiary, Anacacho Wind Farm, LLC ("Anacacho") to

construct and operate fifty-one wind turbine generators pursuant to the Wind Lease.  (Compl. ¶ 6.)  Anacacho entered into a construction agreement with Tetra to assist in constructing the wind turbine generators.  (Id. ¶ 7.)  Anacacho and Tetra allegedly cut some interior fences on Mitchell Ranch during construction.  (Id.)  Further, Plaintiff maintains that Tetra cut perimeter fences on the Property.  (Id.)[1]  According to Plaintiff, the damage to interior and perimeter fences allowed his livestock both to escape the Property and to breed inappropriately with other livestock.  (Id.)  During discovery, Sheriff Leland Burgess offered deposition testimony that cutting a fence could constitute "criminal mischief" in an instance where the person responsible for cutting the fence was trespassing on the property.  (Dkt. # 76, Ex. 1, at 32–33.)

On August 28, 2015, Tetra filed the instant Motion to Exclude Assertions of Criminal Conduct (Dkt. # 76), as well as a second, identical, Motion to Exclude Assertions of Criminal Conduct (Dkt. # 75).[2]  Tetra seeks to exclude any statement, reference, or suggestion that Tetra Tech or its employees engaged in any criminal conduct while constructing the wind farm.  (Dkt. # 76.)

---

[1] Plaintiff claims that several of the openings in both the interior and perimeter fences were over sixty feet wide.  (Compl. ¶ 7.)  Plaintiff further claims that the cuts were not repaired "for months."  (Id.)

[2] The court will consider only the second of the two identical motions, and denies the first Motion to Exclude Assertions of Criminal Conduct as moot.  (Dkt. # 75.)

## LEGAL STANDARD

Relevance and admissibility of evidence or testimony is evaluated pursuant to standards set forth in Federal Rules of Evidence 401, 402, and 403. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401.  This court has "broad discretion" to determine whether evidence is relevant.  Muzyka v. Remington Arms Co., Inc., 774 F.2d 1309, 1313 (5th Cir. 1985); Young v. Ill. Cent. Gulf R.R. Co., 618 F.2d 332, 337 (5th Cir. 1980).  The relevance bar is a low bar, and "the federal rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all.  Young, 618 F.2d at 337.  If a party is able to demonstrate that evidence is relevant and material, such that it meets the "relevance" standard of Federal Rule of Evidence 401, the evidence is presumed to be admissible, unless the "Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court" declare otherwise.  Fed. R. Evid. 402.

However, even if the evidence is not excluded pursuant to Federal Rule of Evidence 402, the Court may still exclude this evidence if it determines the "probative value" of the evidence "is substantially outweighed by the danger of unfair prejudice, confusing the issues," or if the admission of the evidence will "wast[e] time." Fed. R. Evid. 403.  Accordingly, a court must determine whether

4

potentially prejudicial evidence is admissible by balancing the prejudicial effect of the evidence against any probative value the evidence may have.  See Jackson v. Firestone Tire & Rubber Co., 788 F.2d 1070, 1075 (5th Cir. 1986).

## ANALYSIS

Plaintiff argues that the evidence of alleged criminal conduct is relevant for two reasons: first, Plaintiff claims that the Sheriff's testimony that fence-cutting could constitute criminal activity "is relevant to issues concerning why Hugh Coates did not report the cutting of the fences to law enforcement officials and others," and explains Coates' failure to report his missing cattle to law enforcement officials.  (Dkt. # 86 at 1.)  Second, Plaintiff argues that the evidence is relevant to the issue of gross negligence.  (Id.)

A.     Relevance of Criminal Conduct to the Issue of Coates' Failure to Report Cut Fences to Law Enforcement

The Plaintiff states that he did not report the missing cattle to law enforcement in part because he did not know Tetra was trespassing on its land, and therefore cutting fences in violation of the law.

While the relevance bar pursuant to Federal Rule of Evidence 401 is low, it is still a bar preventing admission of irrelevant evidence.  References to the Sherriff's testimony regarding alleged criminal conduct are not relevant to demonstrate Plaintiff's lack of knowledge that the conduct could be criminal.  Further, references to the Sherriff's testimony are not relevant to explaining

Plaintiff's failure to report his missing cattle to law enforcement.  Accordingly, Plaintiff has failed to demonstrate that the evidence is relevant and admissible as evidence under Federal Rule of Evidence 401.

Assuming, *arguendo*, that the potential criminality of Tetra's conduct is relevant, this evidence would still be excluded under Federal Rule of Evidence 403.[3]  Whether or not Tetra's conduct could even be classified as criminal turns on a determination as to whether Tetra's employees were trespassing on the Property when they allegedly cut the fences.  Tetra claims it was present on the Mitchell Ranch pursuant to contract, and therefore could not be trespassing; Tetra submitted the "Balance of Plant Agreement" entered into with Anacacho as evidence that it had contractual permission to be present on the Property.  (Dkt. # 76, Ex. 2.) This agreement requires Mitchell Ranch to "provide to [Tetra] access to the Project Site and sufficient land within the Project Site to enable Contractor to perform the Work in accordance with the Road and Staging Area Requirements."  (Doc. # 76, Ex. 2, §§ 4.1(b) & 4.2(e).)  The agreement defines Road and Staging Area Requirements as "those road and staging area requirements specified in <u>Exhibits A and B</u>" to the contract.  (<u>Id.</u> § 1.1, at 18.)  The gravamen of the Plaintiff's claim is not that Tetra was on the property illegally, but rather that it acted negligently in cutting fences and leaving gates open.

---

[3] The evidence is not excluded by any of the bars set by Federal Rule of Evidence 402.

If admitted, the Sheriff's testimony is likely to cause unfair prejudice to the Defendant, where the case is civil and the conduct alleged is criminal. Accordingly, the prejudice associated with this evidence outweighs its probative value. For the reasons discussed above, the potential criminality of Tetra's alleged conduct is inadmissible for purposes of proving Plaintiff's lack of knowledge regarding the conduct's potential criminality.

B.   Relevance of Criminal Conduct to the Issue of Gross Negligence

Plaintiff seeks to admit Sheriff Burgess' testimony that fence-cutting could constitute criminal activity to help prove the issue of gross negligence. (Dkt. # 86 at 1, 3.) In order to prevail on a gross negligence claim, Plaintiff must prove that Tetra's actions "depart[ed] from the ordinary standard of care to such an extent that [they] create[d] an extreme degree of risk of harming others." Columbia Med. Ctr. of Las Colinas, Inc., v. Hogue, 271 S.W.3d 243, 250 (Tex. 2008). Plaintiff must also prove that Tetra had "actual, subjective awareness of the risk involved and chose to proceed in conscious indifference to the rights, safety, or welfare of others." Id. at 248. Whether Coates is permitted to refer to Tetra's conduct as criminal has low probative value to a trier of fact assessing whether Tetra's actions meet each of the requirements necessary to support a finding of gross negligence. Further, the same Rule 403 analysis considered above applies here: the testimony is likely to cause unfair prejudice to the Defendant; this prejudice outweighs the

testimony's probative value. Accordingly, the potential criminality of Tetra's alleged conduct is inadmissible for purposes of proving whether Tetra was grossly negligent. If, during the course of trial, the Plaintiff is able to establish the relevance of the testimony beyond what has been submitted here, the Court will consider it in context at that time. However, on the record before the court at this time, the prejudicial effects of the testimony outweigh its probative value.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Tetra's Motion to Exclude Assertions of Criminal Conduct.

**IT IS SO ORDERED**

**DATED:** San Antonio, Texas, December 8, 2015.

_____
David Alan Ezra
Senior United States Distict Judge